CRACKER BARREL and Fidelity & Guaranty Insurance Company
*v.* Sherry L. (Shepherd) LASSITER

CA 04–161 190 S.W.3d 911

Court of Appeals of Arkansas
Division III
Opinion delivered September 8, 2004

*Barber, McCaskill, Jones & Hale, P.A.*, by: *Wendy S. Wood*, for appellant.

*Cullen & Co., PLLC*, by: *Tim Cullen*, for appellee.

JOSEPHINE LINKER HART, Judge. Appellants, Cracker Barrel and Fidelity & Guaranty Insurance Company, appeal from the award of temporary-total-disability benefits to appellee, Sherry L. (Shepherd) Lassiter. On appeal, appellants argue that the Commission erred in calculating appellee's average weekly wage, resulting in an erroneous rate of compensation. We affirm.

Appellee was injured on November 9, 1999, while working for appellant Cracker Barrel. Before the administrative law judge (ALJ), appellee argued that appellants underpaid the amount of compensation she should have received. The ALJ calculated appellee's average weekly wage and agreed with appellee. The ALJ first noted appellee's testimony that she began her employment with Cracker Barrel in August of 1998, starting as a server, and working in other positions before being promoted to shift leader

on November 1, 1999. As a shift leader, she earned $10.04 an hour, plus overtime, which was more than she earned in her other capacities. In calculating appellee's average weekly wage, the ALJ multiplied this wage rate by the average of 38.7 hours worked each week during the year preceding her injury, to arrive at a base wage of $388.54. The ALJ next considered that she worked 142 hours of overtime during the preceding year, which provided another $41.13 each week to her average weekly wage, making her average weekly wage $430 for the purposes of determining her compensation. The ALJ's order was adopted by the Commission.

 On appeal, appellants assert that because the Commission erred in calculating appellee's average weekly wage, its computation of appellee's compensation was not supported by substantial evidence. For the purpose of calculating compensation, our statutes provide as follows:

> (a)(1) Compensation shall be computed on the average weekly wage earned by the employee under the contract of hire in force at the time of the accident and in no case shall be computed on less than a full-time workweek in the employment.

> (2) Where the injured employee was working on a piece basis, the average weekly wage shall be determined by dividing the earnings of the employee by the number of hours required to earn the wages during the period not to exceed fifty-two (52) weeks preceding the week in which the accident occurred and by multiplying this hourly wage by the number of hours in a full-time workweek in the employment.

> (b) Overtime earnings are to be added to the regular weekly wages and shall be computed by dividing the overtime earnings by the number of weeks worked by the employee in the same employment under the contract of hire in force at the time of the accident, not to exceed a period of fifty-two (52) weeks preceding the accident.

> (c) If, because of exceptional circumstances, the average weekly wage cannot be fairly and justly determined by the above formulas, the commission may determine the average weekly wage by a method that is just and fair to all parties concerned.

Ark. Code Ann. § 11-9-518 (Repl. 2002). On an appeal from a determination of an employee's average weekly wage, we affirm the

Commission's findings if supported by substantial evidence. *See Magnet Cove Sch. Dist. v. Barnett*, 81 Ark. App. 11, 14, 97 S.W.3d 909, 911 (2003).

■■ In asserting that the Commission's calculation was not supported by substantial evidence, appellants argue that the Commission should have considered Ark. Code Ann. § 11-9-518(a)(2), which applies to the determination of the average weekly wage for injured employees working on a "piece basis." A piece-rate worker, however, is one whose pay is based on the quantity of work done. *See Taylor v. Lubritech*, 75 Ark. App. 68, 70, 54 S.W.3d 132, 134 (2001) (holding that a truck driver paid by the mile was a piece-rate worker). In our view, appellee was paid an hourly wage, not on a piece basis, and consequently, that portion of the statute has no applicability here.

■ Appellants further contend that Ark. Code Ann. § 11-9-518(a)(1) does not apply here in calculating appellee's compensation. As noted above, that subsection provides that compensation is "computed on the average weekly wage earned by the employee under the contract of hire in force at the time of the accident and in no case shall be computed on less than a full-time workweek in the employment." Appellants argue that because appellee was never guaranteed 40 hours of work each week, this subsection does not apply, as there was no contract of hire in force at the time of the accident reflecting that she was a full-time employee. This subsection, however, does not require that an employee must work 40 hours each week for the purposes of calculating compensation, only that it be computed on no less than a full-time workweek in the employment. *See Metro Temps. v. Boyd*, 314 Ark. 479, 482, 863 S.W.2d 316, 317-18 (1993) (noting the application of Ark. Code Ann. § 11-9-518(a) to part-time employees). We note that the Commission did not calculate appellee's compensation based on 40 hours worked each week but instead used an average week of 38.7 hours.

Finally, appellants contend that even if Ark. Code Ann. § 11-9-518(a)(1) applies, the Commission erred in using the $10.04 hourly wage in determining appellee's average weekly wage. Appellants note that for the 52 weeks preceding her injury, as well as for the pay period beginning October 30, 1999, and ending on November 5, 1999, and the pay period beginning November 6, 1999, and ending on November 12, 1999, appellee

worked in various capacities at various wage rates. Appellants argue that the Commission should have considered this evidence in determining appellee's average weekly wage, as it indicates that appellee's "contract of hire" was for employment in various capacities at various wages. Appellants additionally assert that appellee's wage should have been determined through the application of Ark. Code Ann. § 11-9-518(c), which provides that "[i]f, because of exceptional circumstances, the average weekly wage cannot be fairly and justly determined by the above formulas, the commission may determine the average weekly wage by a method that is just and fair to all parties concerned."

Appellee testified that on November 1, 1999, she was promoted to shift leader, earning $10.04 an hour, plus overtime, and that she was working as a shift leader at the time of her accident on November 9, 1999. Further, she testified that after November 1, she worked as a shift leader "other than what I was scheduled to do prior to that. . .," and "[w]ith the exception of maybe an odd occurrence once or twice a month, I always worked shift leader after I started doing shift leader in November. . . ." She also stated that she "worked anywhere from 60 to 70 or 75 hours a week every week." Other evidence established that from October 30, 1999, to November 5, 1999, she worked 16.25 hours at various lower wages and 31.26 hours as a shift leader; that she worked 17.83 hours at lower wages and 44.44 hours as a shift leader from November 6, 1999, through November 12, 1999; and that for the week ending November 19, 1999, she worked 35.63 hours as a shift leader.

To summarize, prior to her accident, she was hired as a shift leader for $10.04 hour and was working in this capacity at the time of her accident. And other than working some hours that were previously scheduled and the odd occurrence once or twice a month, appellee was earning $10.04 an hour, sometimes working well in excess of 40 hours a week in that position. Accordingly, we conclude that there was substantial evidence to support the Commission's calculation of appellee's average weekly wage using the $10.04 hourly wage, as the evidence shows that, at the time of and after her accident, she was working numerous hours at this wage, establishing that this was the wage earned by her under the contract of hire in force at the time of the accident.

Affirmed.

PITTMAN and ROBBINS, JJ., agree.