James WOODARD *v.* WHITE SPOT CAFE and American States Ins. Co.

CA 89-290                                    785 S.W.2d 54

Court of Appeals of Arkansas
Division I
Opinion delivered March 7, 1990

222

*Nolan and Caddell, P.A.,* by: *Bennett S. Nolan,* for appellant.

*Warner and Smith,* by: *James M. Dunn,* for appellee.

JAMES R. COOPER, Judge. The appellant in this workers' compensation case injured his back while getting out of his auto in the employer's parking lot five minutes before he was scheduled to begin work. The Workers' Compensation Commission found that the appellant failed to prove that the injury arose out of his employment, and denied benefits. From that decision, comes this appeal.

For reversal, the appellant contends that the Commission erred in finding that his injury did not arise out of and in the course of his employment. We affirm.

The parties stipulated that the appellant was injured in the employer's parking lot, and that the employee/employer relationship existed at the time of the injury. The appellant testified that employees were required to park behind the restaurant near the alleyway. He stated that he parked his car in this lot five minutes before work was to begin, turned off the ignition, opened the car door, placed his left foot on the ground, turned to get out of the car, and "felt something pop" in his back. Finally, he stated that there was nothing different about the way he got out of the car when he was injured, but that he got out of the car the same way he always had.

The claimant in a workers' compensation case must prove that the injury he sustained arose during the course of his employment, and that the injury arose out of his employment.

Ark. Code Ann. § 11-9-401 (1987). The appellant in the case at bar argues that he met his burden of proving that his injury arose out of and in the course of his employment under the "premises exception" to the going and coming rule. We do not agree.

■ The going and coming rule ordinarily precludes recovery for an injury sustained while the employee is going to or returning from his place of employment. *Bales* v. *Service Club No. 1*, 208 Ark. 692, 187 S.W.2d 321 (1945). The rationale behind the rule is that an employee is not within the course of his employment while traveling to or from his job. *Brooks* v. *Wage*, 242 Ark. 486, 414 S.W.2d 100 (1967). Although an exception to the going and coming rule may operate to place an employee traveling to or from work within the course of his employment, *id.*; *see generally City of Sherwood* v. *Lowe*, 4 Ark. App. 161, 628 S.W.2d 610 (1982), it does not follow that the employee's injury is therefore compensable, because the employee must still show that the injury *arose out of* his employment. *See* Ark. Code Ann. § 22-9-401, *supra.*

A similar issue arose in *Neale* v. *Weaver*, 60 Idaho 41, 88 P. 2d 522 (1939), where the appellant argued that the accident *ipso facto* arose out of and in the course of his employment because it occurred on his employer's premises. The *Neale* Court responded to that argument as follows:

> It is true numerous cases have made the general statement to that effect, but on a careful examination and analysis of these cases we find there were in all an additional feature showing a causal connection between the employment or the condition of the place or means or appliance furnished, or under the control of the employer, directly or indirectly and at least to some extent, however slight, contributing to the accident, or tying it into or with the employment, which, in addition to the employee being on the premises of the employer at the time of the accident, constituted a sufficient make-weight to tip the scales and justifiably support the conclusion that the accident arose in the course of and out of the employment.

*Neale*, 88 P.2d at 524; *see* Annot., 159 A.L.R. 1395 (1945). An examination of Arkansas cases involving the going and coming rule likewise reveals a causal connection between the employ-

ment, or the condition of the place, means, or appliance furnished or controlled by the employer, to the claimant's accident. In *Davis* v. *Chemical Construction Co.*, 232 Ark. 50, 334 S.W.2d 697 (1960), the claimant's employment required him to travel one mile in eighteen minutes in order to clear a "critical area," and it was not unusual for employees to catch rides on trucks belonging to subcontractors. These employment conditions contributed to the claimant's injury when he caught his foot and fell while getting off a truck on which he had ridden to the parking area. Likewise, in *Bales* v. *Service Club No. 1*, 208 Ark. 692, 187 S.W.2d 321 (1945), there was a causal connection between the accident, in which the employee was killed after slipping on an icy sidewalk in front of her workplace, and a condition of a place under the employer's control, because, as the *Bales* Court noted, it was the employer's duty to keep the sidewalk clear of ice.

While we agree with the appellant that this case falls within the premises exception to the going and coming rule, *see Davis* v. *Chemical Construction Co.*, 232 Ark. 50, 334 S.W.2d 697 (1960), we think that the appellant was nevertheless required to prove that his injury arose out of his employment.

The phrase "arising out of the employment" refers to the origin or cause of the accident, and, in order to arise out of the employment, an injury must be "a natural and probable consequence or incident of the employment and a natural result of one of its risks." *J. & G. Cabinets* v. *Hennington*, 269 Ark. 789, 793, 600 S.W.2d 916, 918 (Ark. App. 1980). The appellant in the case at bar was employed as a dishwasher, and there is no evidence that either the circumstances of his employment or the condition of the employer's premises contributed to his back injury. Nor can it be said that the appellant's employment required him to be in a particular place and thus brought him within range of an external force or event which caused his injury: there is no suggestion in the record that the appellant's surroundings had any influence on his injury, and it appears that he could have injured his back in this manner any time and any place that he got out of his automobile.

See *Martin* v. *Unified School District No. 233*, 5 Kan. App. 2d 298, 615 P.2d 168 (1980). Under the circumstances of this case, we are unable to find any causal connection between the

injury and the employment other than the bare fact that it occurred in the employer's parking lot, and we hold that the Commission did not err in finding that he failed to prove that his injury arose out of his employment.

Affirmed.

CORBIN, C.J., and CRACRAFT, J., agree.