Leah HIGHTOWER *v.* NEWARK PUBLIC SCHOOL SYSTEM

CA 96-596                                                   943 S.W.2d 608

Court of Appeals of Arkansas
Division IV
Opinion delivered April 30, 1997

*J.T. Skinner*, for appellant.

*Richard S. Smith*, Public Employees Claims Div., Arkansas Workers' Compensation Comm'n, for appellee.

SAM BIRD, Judge. Appellant, Leah Hightower, appeals a decision of the Workers' Compensation Commission that held that, under the provisions of Act 796 of 1993, codified as Ark. Code Ann. § 11-9-102 (Repl. 1996), appellant was not entitled to compensation for an injury sustained when she fell on ice in her employer's parking lot. Appellant argues that the Commission erred in finding that appellant was not engaged in any activity to carry out the employer's purpose or to advance the employer's interest when the accident occurred; therefore, she was not entitled to an award of benefits.

On appeal, we must affirm if the Commission's finding is supported by substantial evidence; even when a preponderance of the evidence might indicate a contrary result, we affirm if reasonable minds could reach the Commission's conclusion. *Bemberg Iron Works v. Martin*, 12 Ark. App. 128, 671 S.W.2d 768 (1984); *Bearden Lumber Co. v. Bond*, 7 Ark. App. 65, 644 S.W.2d 321 (1983).

In 1993, the Arkansas Legislature passed Act 796 of 1993 and provided that it applied to all injuries occurring after July 1, 1993. The Act requires that, rather than applying the terms of the Act liberally and resolving all doubts in favor of the claimant (as previous law had required), the evidence is to be weighed impartially, without giving the benefit of the doubt to

any party, including the claimant, and it requires the courts to construe the provisions of the Act strictly. The Act also added a new definition to our workers' compensation statute: "Compensable injury" does not include injury that was inflicted upon the employee at a time when employment services were not being performed. Ark. Code Ann. § 11-9-102(5)(B)(iii) (Repl. 1996).

Appellant was employed as a teacher at a preschool day-care center in Oil Trough, Arkansas. On March 9, 1994, the school and day-care center were closed because of ice and snow. The day-care center was to be open the following day, and appellant was ordered to report to work at her usual time, 7:30 a.m., on March 10. Appellant testified that when she arrived at the employer's parking lot, which was gravel, it was a sheet of ice. She said she proceeded cautiously; nevertheless, her feet slipped out from under her. She was able to catch herself on a nearby car to keep from falling to the ground, but she was jerked. Appellant continued into the building, bent over to sign in, and when she raised up she felt severe back pain.

Appellant was sent home for bed rest, but when she did not immediately improve she was advised by her employer to seek medical care. Appellant went to the emergency room, where she was prescribed medication and told to take five days of bed rest. When she was not better after the bed rest she went to her family doctor. He ordered thirteen physical-therapy sessions. Appellant missed only two weeks of work.

The administrative law judge found that, pursuant to Act 796 of 1993, appellant was not entitled to compensation for this injury because, at the time of her injury, she was not performing "employment services." The Commission affirmed and reasoned that, although the Act does not define "employment services," the Commission had previously held that an employee was performing "employment services" when he/she was engaging in an activity that carried out the employer's purpose or advanced the employer's interests. The Commission only cited one of its own cases, then held that "[S]trictly construing the provisions of the amended law as mandated by Ark. Code Ann. § 11-9-704(c)(3) (Cumm. Supp. [sic] 1993), we find that the employment services

exception to the definition of compensable injury under the amended law has eliminated the premises exception to the going and coming rule."

The going-and-coming rule ordinarily denied compensation to an employee while he was traveling between his home and his job, reasoning that employees having fixed hours and places of work are generally not considered to be in the course of their employment while traveling to and from work. *Wright v. Ben M. Hogan Co.*, 250 Ark. 960, 468 S.W.2d 233 (1971); *Howard v. A.P. & L. Co.*, 20 Ark. App. 98, 724 S.W.2d 193 (1987).

The premises exception to the going-and-coming rule provided that, although an employee at the time of injury had not reached the place where his job duties were discharged, his injury was sustained within the course of his employment if the employee was injured while on the employer's premises or on nearby property either under the employer's control or so situated as to be regarded as actually or constructively a part of the employer's premises. *Wentworth v. Sparks Regional Med. Ctr.*, 49 Ark. App. 10, 894 S.W.2d 956 (1995); *City of Sherwood v. Lowe*, 4 Ark. App. 161, 628 S.W.2d 610 (1982). Under prior statutes (pre-Act 796 of 1993) appellant's injury would have been compensable under the premises exception to the going-and-coming rule that allowed compensation where an employee was injured while on or in close proximity to the employer's premises, and there was a causal connection between the claimant's injury and the employment, or the condition of the place, means, or appliance furnished or controlled by the employer. *Wentworth, supra.*

In the instant case, appellant contends that the premises exception should be applied because she had reported to work pursuant to the directions of her employer, she slipped on ice in her employer's parking lot, and moments later, when she bent over to sign in, as required by her employer, she felt severe pain in her back. She argues that her injury was caused by the condition of her employer's premises.

In support of her argument appellant cites *Davis v. Chemical Constr. Co.*, 232 Ark. 50, 334 S.W.2d 697 (1960); *Bales v. Service Club No. 1, Camp Chaffee*, 208 Ark. 692, 187 S.W.2d

321 (1945); *Lepard v. West Memphis Mach. & Welding*, 51 Ark. App. 53, 908 S.W.2d 666 (1995); *Wentworth v. Sparks Regional Medical Ctr.*, *supra* (1995); *Woodard v. White Spot Cafe*, 30 Ark. App. 221, 785 S.W.2d 54 (1990); and *City of Sherwood v. Lowe*; *supra* (1982). Only *Wentworth* and *Lepard* were decided after Act 796 was enacted. However, both Lepard and Wentworth's injuries were sustained in 1992. As stated above, § 41 of Act 796 of 1993 states that "the provisions of this act shall apply only to injuries which occur after July 1, 1993."

The language of Ark. Code Ann. § 11-9-102(5)(B)(iii) excludes from being compensable injuries that occur "at a time when employment services were not being performed." This provision seems clearly aimed at eliminating the premises exception to the going-and-coming rule since, under a strict construction of Ark. Code Ann. § 11-9-102(5)(B)(iii), merely walking to and from one's car, even on the employer's premises, does not qualify as performing "employment services." Therefore, the Commission's decision that appellant was not entitled to compensation for her injury is supported by substantial evidence and is affirmed.

Affirmed.

JENNINGS and GRIFFEN, JJ., agree.