MAGNET COVE SCHOOL DISTRICT and Risk
Management Resources *v.* Shirley BARNETT

CA 02-597                                     97 S.W.3d 909

Court of Appeals of Arkansas
Division IV
Opinion delivered February 12, 2003

*Friday, Eldredge & Clark,* by: *Betty J. Demory,* for appellants.

*Janie M. Evans,* for appellee.

JOSEPHINE LINKER HART, Judge. Magnet Cove School District and Risk Management Resources appeal the order of the Arkansas Workers' Compensation Commission, finding that the appellee's average weekly wage should be calculated by dividing her salary by thirty-nine weeks and not fifty-two weeks. For reversal, appellants argue that the Commission erred by failing to divide her salary by fifty-two weeks. We disagree and affirm.

Appellee, Shirley Barnett, entered into an employment contract as a teacher with appellant Magnet Cove School District. The contract provided that appellee work 188 days[1] during the nine-month period from August 1999 to May 2000 for a total salary of $26,500 to be paid in twelve monthly installments.[2] During January of 2000, appellee sustained an injury to her left knee. Appellants accepted the injury as compensable and paid $339 each week for temporary total disability benefits and also paid $254 each week for permanent partial disability benefits based on an impairment rating of 14% to the lower extremity. Appellee challenged the award before the administrative law judge, contending that her average weekly wage was $718.08 based upon a salary of $27,000 earned over a period of nine months. Appellants contended that appellee's average weekly wage was $508 based upon a salary at the time of her injury of $26,500 paid over the fiscal year of fifty-two weeks. The ALJ determined that appellee's average weekly wage was $679.49. This calculation was made by the ALJ dividing appellee's total compensation of $26,500 by the thirty-nine weeks designated in appellee's employment contract.[3]

---

[1] Appellants do not challenge the Commission's determination that thirty-nine weeks approximates 188 days.

[2] After a decision by the school board on May 8, 2000, her contract was amended to increase her salary by $500 for a total amount of $27,000.

[3] The ALJ noted in his opinion that the total compensation was $26,500 rather than $27,000 because the contract in force at the time of the accident did not provide for the $500 increase because the school board did not take action to increase the contract price until May 8, 2000.

On appeal, the Commission adopted the findings and conclusions of the ALJ.

■■ In reviewing a decision of the Workers' Compensation Commission, this court views the evidence and all reasonable inferences in the light most favorable to the findings of the Commission. *Swift-Eckrich, Inc. v. Brock*, 63 Ark. App. 118, 975 S.W.2d 857 (1998). These findings will be affirmed if supported by substantial evidence. *Georgia-Pacific Corp. v. Carter*, 62 Ark. App. 162, 969 S.W.2d 677 (1998). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Wackenhut Corp. v. Jones*, 73 Ark. App. 158, 40 S.W.3d 333 (2001). On an appeal from the Workers' Compensation Commission, the question is not whether the evidence would have supported findings contrary to those of the Commission; rather, the decision of the Commission must be affirmed if reasonable minds might have reached the same conclusion. *See Dallas County Hosp. v. Daniels*, 74 Ark. App. 177, 47 S.W.3d 283 (2001); *Barnett v. Natural Gas Pipeline Co.*, 62 Ark. App. 265, 970 S.W.2d 319 (1998).

Appellants contend that the Commission's determination of appellee's average weekly wage was clearly erroneous. Appellants argue that appellee is paid over fifty-two weeks of the year, and therefore, it is against public policy for the Commission to award her benefits based upon her employment period of thirty-nine weeks. In support of this argument, appellants note that if appellee's average weekly wage is based upon thirty-nine weeks, the payment she would receive computes to more than 66 2/3% of her wages as outlined in Arkansas Code Annotated section 11-9-501(b) (Repl. 2002). That statute provides in pertinent part that "the total disability rate shall not exceed sixty-six and two-thirds' percent (66 2/3%) of the employee's average weekly wage . . . ." According to appellants, 66 2/3% of $26,500 is $17,675 and is the amount appellee would receive if granted temporary total disability benefits for a period of fifty-two weeks. Thus, appellee would, according to appellant's calculations, receive more than 66 2/3% of her salary if her average weekly wage is calculated based on thirty-nine weeks, and she was to be awarded benefits for one year.

In its decision, the Commission found that appellee's average weekly wage was $679.49, as calculated by dividing the total compensation of $26,500 by thirty-nine weeks in the designated nine-month period of employment pursuant to the contract of hire in force at the time of the accident. The Commission did note that appellee was paid in twelve installments over a period of fifty-two weeks.[4] However, the contract only provided employment for 188 days of school during a nine-month period from August 1999 to May 2000.

The Commission also found appellants' argument that appellee's daily pay rate was $102 was inconsistent with the testimony of Rebecca Moore, district bookkeeper for the Magnet Cove School District. Moore testified that appellee would be docked $143.62 per day for each day she was absent and did not have any sick leave, vacation leave or other leave remaining. The Commission cited *Bond v. Lavaca School District*, 73 Ark. App. 5, 38 S.W.3d 923 (2001) (reversed on other grounds), for the proposition that the daily rate of pay for a school teacher is calculated by dividing the contract salary by the number of days in a regular school year.

Appellee testified that she was employed as a first-grade teacher with the Magnet Cove School District, and she was required by the terms of her contract to be at school 188 days during the 1999-2000 school year. Appellee stated that during the 1999-2000 school year, she missed work after her leave was exhausted, and her pay was deducted at a rate of $143.62 each day.

In sum, appellants seek to require this court to determine that appellee's weekly income is based on the date she received her pay and not the date she earned the pay. We decline to do so. The contract provided for appellee to teach 188 days, and further that she would be docked $143.62 per diem for any absences during any leave-without-pay status. Further, Arkansas Code Annotated section 11-9-518(a)(1) (Repl. 2002) states that "compensation shall be computed on the average weekly wage earned by the employee under the contract of hire in force at the time of

---

[4] Arkansas Code Annotated section 6-17-803 (Repl. 1999) provides that Arkansas school districts may elect, at the option of the school board, to pay teachers either over the course of the ten-month school year or in twelve equal monthly installments.

the accident and in no case shall be computed on less than a full-time workweek in the employment."

■ We also note that appellee incurred the injury and took time away from work during the school year. The question of benefits during the remainder of the year or during a time period when the employee is not under contract to work is not presented in this appeal and, thus, is not addressed in this opinion. Based on the facts presented, we cannot say that the Commission's decision was not supported by substantial evidence.

As a final matter, appellee states that this court does not have jurisdiction to hear an appeal from the Commission as the appellants are barred from seeking appellate review under the provisions of Arkansas Code Annotated section 6-17-1402(d) (Repl. 1999). Section 6-17-1402(d) states that the action taken by the Commission shall be final and binding on all parties and shall not be subject to judicial review. However, this statute, when read in conjunction with section 6-17-1401 (Repl. 1999)[5], only requires that school teachers who are injured while acting within the scope of their employment must file their claims under the Workers' Compensation Act. The limitation set out in the statute provided that the Commission shall have exclusive authority to hear all work-related cases for employees of public schools, and that the Commission's exclusive authority is not subject to judicial review. Therefore, the limitation does not preclude school district employees or their employer from seeking appellate review of the Commission's decision.

■ We note that Arkansas Code Annotated section 11-9-711(d) states that "the action taken by the commission with respect to the allowance or disallowance of any claim filed by a school district employee shall be subject to appeal to the circuit court as provided for in subsection (b) of this section." Also, section 11-9-711(b) states in relevant part that a "compensation order or award of the commission shall become final unless a party to the dispute shall within thirty (30) days from receipt by him of the order or award, file notice of appeal to the Arkansas Court of

---

[5] Section 6-17-1401 (Repl. 1999) states that "workers' compensation coverage as provided in § 11-9-101 et seq. shall be provided for personal injuries and death of officers and employees of public schools in this state."

Appeals, which is designated as the forum for judicial review of those orders and awards." Although the two sections are obviously contradictory, we defer to our supreme court to resolve conflict.

Our supreme court has stated "[w]e decide the appellate jurisdiction of the Court of Appeals, not the legislature . . . in *Houston Contracting Co. v. Young*, 271 Ark. 455, 609 S.W.2d 895 (1980), . . . we found that the Court of Appeals was merely substituted for the Circuit Court as the first court to review an administrative order." *In Re: Amendment of Rule 29 1.d. of the Supreme Court and Court of Appeals*, 288 Ark. 644, 704 S.W.2d 625 (1986) (per curiam). Therefore, this court has jurisdiction to address the merits of this case.

Affirmed.

STROUD, CJ., and GRIFFEN, J., agree.