2009 Ark. App. 114

**CV'S FAMILY FOODS, Appellant,**

v.

**Harold L. CAVERLY, Appellee.**

**No. CA 08–775.**

Court of Appeals of Arkansas.

Feb. 25, 2009.

Walter A. Murray, Little Rock, for appellant.

Verkamp & Ladd, P.A., by: John P. Verkamp, Charleston, for appellee.

JOHN MAUZY PITTMAN, Judge.

The appellant, CV's Family Foods, appeals from the Arkansas Workers' Compensation Commission's award of medical expenses and temporary-total disability benefits to the appellee, Harold Caverly. Appellant contends that there is no substantial evidence to support the Commission's decision that appellee, the night manager of the appellant grocery store, was performing employment services when he was injured escorting a sixteen-year-old employee to her vehicle in the store parking lot after dark. We hold that the Commission could so find, and we affirm.

In determining the sufficiency of the evidence to support decisions of the Commission, we view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Commission's findings and affirm if they are supported by substantial evidence, *i.e.*, evidence that a reasonable person might accept as adequate to support a conclusion. *Singleton v. City of Pine Bluff,* 97 Ark.App. 59, 244 S.W.3d 709 (2006). We will not reverse the Commission's decision unless we are convinced that fair-minded persons with the same facts before them could not have reached the conclusions arrived at by the Commission. *Wal–Mart Stores, Inc. v. Sands,* 80 Ark.App. 51, 91 S.W.3d 93 (2002).

A compensable injury is an accidental injury arising out of and in the course of employment. Ark.Code Ann. § 11–9–102(4)(A)(i) (Supp.2007). However, an injury is not compensable when sustained by an employee at a time when employment services were not being performed. Ark.Code Ann. § 11–9–102(4)(B)(iii) (Supp.2007). The Arkansas Workers' Compensation Act does not define the term "employment services," but our supreme court has held that an employee performs employment services when doing something that is generally required by the employer. *Wallace v. West Fraser South, Inc.,* 365 Ark. 68, 225 S.W.3d 361 (2006). The test used to determine whether an employee was performing employment services is the same as that used to determine whether an employee was acting within the course of employment, *i.e.*, whether the injury occurred within the time and space boundaries of the employment, when the employee was carrying out the employer's purpose or advancing the employer's interest directly or indirectly. *Id.*

The "going and coming" rule ordinarily precludes recovery for an injury sustained while the employee is going to or returning from his place of employment because an employee is generally not acting within the course of employment when traveling to and from the workplace. *Olsten Kimberly Quality Care v. Pettey,* 328 Ark. 381, 944 S.W.2d 524 (1997). This rule is not without exceptions. The premises exception to the going-and-coming rule provided that, although an employee at the time of injury had not reached the place where his job duties were discharged, his injury was sustained within the course of his employment if the employee was injured while on the employer's premises or on nearby property either under the employer's control or so situated as to be regarded as actually or constructively a part of the employer's premises. *Hightower v. Newark Public School System,* 57 Ark.App. 159, 943 S.W.2d 608 (1997). We held in *Hightower* that the premises exception to the going-and-coming rule was no longer the law in Arkansas, reasoning that, in light of the language of Ark.Code Ann. § 11–9–102(4)(B)(iii) excluding injuries occurring at a time when employment services were not being performed from the definition of "compensable injuries," merely walking to and from one's car, even

on the employer's premises, does not qualify as performing "employment services."[1]

The question, then, is whether there was evidence to support the Commission's finding that appellee was doing more than merely walking to his automobile when he was injured. Appellee was sixty-seven years of age at the time of the injury, and he had been employed by appellant for many years. He testified that the store closed that night at 9:00 p.m. Appellee clocked out, set the alarm, and waited for the only remaining employee, a sixteen-year-old girl, to finish counting the money. Appellee secured the lock, and they left the store together. Employees were required by store policy to park fifty to one-hundred yards away from the store in order to reserve the closer and more desirable parking spots for customers. As they entered the parking lot to walk to their vehicles, appellee noticed that there was a vehicle parked near to that of his employee. Appellee was watching the employee to ensure her safety when he tripped over an unseen concrete barrier in the parking lot and sustained the injury that the Commission found to be compensable.

We hold that the Commission could properly find, on these facts, that appellee was performing employment services when he was injured. Appellee was not a mere employee, but instead was a manager charged with general superintendence of the store, its stock, and its employees. Watching the young employee to ensure her safety at night was more than gentlemanly and laudable: it was an activity that came within the scope of his oversight, and it benefitted the employer by ensuring the safety of a trained and valuable employee, and by helping establish a record of safety on the premises that would benefit the employer in its attempts to recruit future employees and to alleviate any fears that potential customers might have about the safety of the parking lot after dark. We conclude that the Commission could properly find that appellee's activities carried out the employer's purpose and advanced the employer's interest, and we therefore affirm.

Affirmed.

HART, GLADWIN, HENRY, and BAKER, JJ., agree.

BROWN, J., dissents.

WAYMOND M. BROWN, Judge, dissenting.

I agree with appellants that appellee did not suffer a compensable injury. There-

1. The reasoning of *Hightower* is questionable to the extent that it held the premises exception to no longer be the law. It has never been the law that an injury was *ipso facto* compensable merely because it occurred on the employer's parking lot. Properly applied, the premises exception did not render an injury sustained in the employer's parking lot automatically compensable; to the contrary, the employee was still required to prove that the injury arose out of the employment, *i.e.,* that the injury was a natural and probable consequence or incident of the employment and a natural result of one of its risks. *Woodard v. White Spot Cafe,* 30 Ark.App. 221, 785 S.W.2d 54 (1990). The premises exception, then, did not eliminate the fundamental re-quirement that there must be a causal connection between the injury and the employment. Therefore, although we may have reached the correct result in *Hightower,* where the only connection between the injury and the employment was the simple fact that the employee slipped and fell in the employer's parking lot, our holding in that case that the premises exception had been eliminated was overbroad. The ultimate question in such cases is whether the injury occurred within the time and space boundaries of the employment, when the employee was carrying out the employer's purpose or advancing the employer's interest directly or indirectly. *Wallace v. West Fraser South, Inc., supra.*

fore, I would reverse and remand this case.

On May 23, 2006, appellee was working as night manager at CV's Family Foods. Appellee tripped and fell in the parking lot of CV as he was watching an employee to her car. As night manager, appellee was required to watch the employees in the store, remain in the store until all the employees were gone, set the alarm before leaving, and lock the store up for the night. On May 23, appellee waited for the last employee to finish counting her money. After the employee finished, appellee locked up the store as usual.

Appellee stated that he noticed a truck in the parking lot next to the employee's car and he decided to watch her to her car. Appellee continued to watch the employee as he proceeded to his car, parked near the front door. As appellee reached in his pocket for his car keys, he tripped over a concrete parking barrier. Appellee suffered a right hip fracture.

At the hearing, appellee stated that he thought it was his duty to ensure that all of the employees reached their vehicles safely. Appellee admitted that no one ever told him that it was his duty. John P. Wilkinson testified that appellee worked for him. Wilkinson stated that appellee's watching of the employee to her car was a "personal issue" and a "gentlemanly gesture" that was not required by CV's.

In an opinion dated December 28, 2007, the ALJ determined that appellee's injury arose out of and in the course of his employment and was compensable. The Commission's April 30, 2008 opinion affirmed and adopted the ALJ's opinion. Appellee was granted benefits for medical services, temporary-total disability benefits from May 24, 2006, through July 5, 2006, and attorney's fees. This appeal followed.

In reviewing a decision of the Commission, we view the evidence and all reasonable inferences in the light most favorable to the findings of the Commission. *Magnet Cove Sch. Dist. v. Barnett,* 81 Ark.App. 11, 97 S.W.3d 909 (2003). The Commission's findings will be affirmed if supported by substantial evidence. *Id.* Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.* The issue on appeal is not whether we might have reached a different result or whether the evidence would have supported a contrary finding if reasonable minds could reach the Commission's conclusion, we must affirm. *Linton v. Ark. Dep't of Corrections,* 87 Ark.App. 263, 190 S.W.3d 275 (2004).

Appellants argue that the evidence does not support the Commission's decision that appellee was in the course of employment at the time of his injury. In order for an accidental injury to be compensable, it must arise out of and in the course of employment. Ark.Code Ann. § 11–9–102(4)(A)(i) (Supp.2007). A compensable injury does not include an injury which was inflicted upon the employee at a time when employment services were not being performed. Ark.Code Ann. § 11–9–102(4)(B)(iii). An employee is performing employment services when he or she is doing something that is generally required by his or her employer. *Dairy Farmers of America, Inc. v. Coker,* 98 Ark.App. 400, 255 S.W.3d 905 (2007). We use the same test to determine whether an employee is performing employment services as we do when determining whether an employee is acting within the course and scope of employment. *Pifer v. Single Source Transp.,* 347 Ark. 851, 69 S.W.3d 1 (2002). The test is whether the injury occurred within the time and space boundaries of the employment, when the employee was carrying out the employer's purpose or advancing the

employer's interest, directly or indirectly. *Id.*

In the instant case, appellee was injured while watching a female employee after he had locked the store for the night. Appellee testified that he had never been told that it was his duty to ensure the safety of employees. Wilkinson testified that appellee's watching of the employee was a "gentlemanly gesture." There was no evidence to prove that appellee was carrying out CV's purpose or advancing its interest. Viewing the evidence in the light most favorable to the Commission, I cannot say that persons with the same facts before them would have reached the same conclusion. Substantial evidence does not support the Commission's decision that appellee suffered a compensable injury.

The majority in its opinion today has expanded the definition of "employment services." They impute that it is in the employer's interest that all employees arrive at their cars safely. On its face that seems reasonable. However, their logic is flawed and overbroad. The employee being watched by appellee would not have received any benefits had she been the one who fell and broke her hip. This court has made it clear that simply walking to your car after work is not an "employment service." The majority leaves employers wondering what this court will next consider to be an "employment service" because it is in the "employer's interest." Therefore, I respectfully dissent.