2009 Ark. App. 330

**NORTH LITTLE ROCK SCHOOL DISTRICT and Risk Management Resources, Appellants,**

v.

**Cindy LYBARGER and Second Injury Fund, Appellees.**

**No. CA 08–1149.**

Court of Appeals of Arkansas.

April 29, 2009.

Rehearing Denied June 3, 2009.

Worley, Wood & Parrish, P.A., by: Jarrod S. Parrish, Little Rock, for appellants.

Brazil, Adlong, Winningham & Mickel, PLC, by: Thomas W. Mickel, Conway, for appellees.

JOSEPHINE LINKER HART, Judge.

Appellants North Little Rock School District and its insurance carrier appeal from the Arkansas Workers' Compensation Commission's finding that appellee Cindy Lybarger sustained a compensable injury during the course of her employment. Particularly, appellants argue that Lybarger was not performing employment services at the time of her injury. We conclude that substantial evidence supports the Commission's decision, and accordingly, we affirm.

For the purposes of workers' compensation, a compensable injury must "aris[e] out of and in the course of employment." Ark.Code Ann. § 11–9–102(4)(A)(i) (Supp.2007). A compensable injury, however, does not include an "[i]njury which was inflicted upon the employee at a time when employment services were not being performed." Ark.Code Ann. § 11–9–102(4)(B)(iii). The same test is used to determine whether an employee was "in the course of employment" and performing "employment services." *Texarkana Sch. Dist. v. Conner*, 373 Ark. 372, 284 S.W.3d 57 (2008). Specifically, the test is whether the injury occurred within the time and space boundaries of the employment when the employee was carrying out the employer's purpose or advancing the employer's interest, directly or indirectly. *Id.* On appeal, we affirm the Commission's decision if it is supported by substantial evidence. *Id.*

As Lybarger testified at the hearing, she is employed as a teacher's aide assigned to Boone Park Elementary. On September 27, 2007, she was required to attend a staff development day at the Lakewood campus, a few miles away. She arrived at 8:00 a.m., and the meeting was adjourned around 11:00 a.m. She and others were "given a lunchtime, and then we had to report back to our building [Boone Park Elementary] for meetings after lunch." She noted that she "normally just eat[s] in her car." While en route to the parking lot to her car, she exited the building where the meeting was held and was entering another building when she broke her right leg while climbing stairs. She stated that she felt she was "on duty" when she fell, because she was "still on school property" and had not yet reached her car. When asked about the obligations she had for the district, she stated that she was an employee of the school district, and "if there had been any children, if there had been any parents, if

there had been anything that had been asked of me, I mean, it's possible, you know, to still be there." She agreed that it was "[k]ind of like how the teacher or employee of the school district assisted" her after she fell. She also testified that when she was going up the stairs, she was carrying her purse and handouts from the meetings that morning.

On cross-examination, she acknowledged that when she was released to go to lunch, it was her free time. Further, she stated that the meeting was over at Lakewood and that she had to go to Boone Park after an hour to work. She also acknowledged that there were no students or parents present, only teachers and aides. On redirect, she stated that at either campus she "would perform the same thing if ... I was approached." She also agreed that if she had not been at the staff development day, she would not have had any handouts in her hand.

Before the administrative law judge (ALJ), the parties litigated whether Lybarger was performing employment services at the time of her injury. The ALJ found Lybarger to be an "extremely credible witness" and concluded that Lybarger was performing employment services. Specifically, the ALJ noted that Lybarger "was at a school campus miles away from where she normally conducted her job duties." The ALJ found that Lybarger "would never have been on the campus of Lakewood Junior High but for the staff development seminar which her employer required her to attend." The ALJ observed that the "mere fact that [Lybarger] was at Lakewood Campus fulfilling her job requirements leads this examiner to find that she was in fact directly advancing her employer's interest," and that Lybarger "credibly testified she never made it to her car to go to lunch." The ALJ found that the "very fact that [Lybarger] was on a

foreign campus attending a work required seminar that she was directly performing an employment service." The ALJ also noted that had Lybarger "reached her car and proceeded to go eat lunch, there could be doubt as to whether employment services were being performed," but that in this case it was "clear that employment services were being performed...." Further, the ALJ found that Lybarger "had never began her lunch break while on the foreign campus." The Commission adopted the ALJ's opinion.

On appeal, appellants argue that Lybarger was not performing employment services, because she was not advancing her employer's interest or doing anything required by her employer when she fell. Appellants assert that she was merely on her employer's premises on her lunch break and free to do as she pleased. Appellant contends that the "going and coming" rule precludes an award of benefits in this case.

We recently noted that the "going and coming" rule ordinarily precluded recovery for an injury sustained while the employee was going to or returning from his place of employment, because an employee is generally not acting within the course of employment when traveling to and from the workplace. *CV's Family Foods v. Caverly,* 2009 Ark. App. 114, 304 S.W.3d 671. The ultimate question, however, is whether the injury occurred within the time and space boundaries of the employment, when the employee was carrying out the employer's purpose or advancing the employer's interest directly or indirectly. *Id.*

Substantial evidence supports the Commission's conclusion that Lybarger was performing employment services. Initially, we note that Lybarger testified that she was attending a seminar at the Lakewood campus, and that because she was still on school grounds she was on duty and that

her obligation as a district employee on school grounds was to provide assistance if there had been anything asked of her. *See Texarkana Sch. Dist. v. Conner,* 373 Ark. 372, 284 S.W.3d 57 (2008) (affirming award of benefits in an employment services case where the Arkansas Supreme Court noted that the Commission credited the school employee's testimony that he was on call once he returned to the school district's premises, even if he was on lunch break); *Foster v. Express Personnel Services,* 93 Ark.App. 496, 222 S.W.3d 218 (2006) (reversing a denial of benefits after finding that the employee was performing employment services by virtue of the fact that she was on the job once she was on the premises). She also testified that when she was going up the stairs, she was carrying material from the meetings and would not have had any handouts in her hand if she had not been at the staff development day. Further, while Lybarger acknowledged that she was released to go to lunch and that it was her free time, she also testified that after lunch, she had to report back to Boone Park Elementary, a campus a few miles away. Her purpose in going to Boone Park Elementary, the campus to which she was assigned, was to attend additional meetings.

Thus, Lybarger was released to lunch, but at the direction of her employer, she was required during that time to exit the building and travel from one campus where she was performing employment services to another campus where she would perform employment services. We have previously held that driving from a seminar to the employee's regular job site constituted employment services. *See Jones v. Xtreme Pizza,* 97 Ark.App. 206, 245 S.W.3d 670 (2006) (reversing for an award of benefits where claimant was injured while driving from a training seminar to his regular place of employment, thus advancing his employer's interests and constituting employment services).

Moreover, in order to report to Boone Park Elementary, Lybarger first had to walk through and exit the Lakewood buildings. Thus, by walking through the Lakewood campus, she was carrying out the employer's purpose and advancing her employer's interest in that she was leaving Lakewood, preparatory to reporting to Boone Park Elementary. That there also may have been a non-employment-related purpose in walking through the campus does not alter the conclusion that she was also performing employment services. *See CV's Family Foods, supra* (finding that an employee was performing employment services when he was injured, as he was not only walking to his car after closing the store, but also was watching a fellow employee to ensure her safety).

Furthermore, we do not know, in fact, that Lybarger was even going to have lunch. She had to leave the building before she could go to another location. One might surmise that she might have intended to pick up something to eat on her way to Boone Park Elementary and eat it in the car. Or she might have intended to drive directly to Boone Park Elementary. It would now be sheer speculation to assume that she might or might not have deviated from driving to Boone Park Elementary to conduct activities that were not employment services, such as eating lunch.

Accordingly, we affirm the Commission's finding that Lybarger was performing employment services.[1]

Affirmed.

ROBBINS, KINARD, and BAKER, JJ., agree.

---

1. The dissent remarks that, in contrast to the Commission, "the majority goes a completely

VAUGHT, C.J., and BROWN, J., dissent.

Again our court wrestles with the definition of "employment services." In another employment-services case, *Texarkana School District v. Conner*, 100 Ark.App. 100, 264 S.W.3d 579 (2007), the Workers' Compensation Commission awarded benefits to a claimant who the employer claimed was not performing employment services. In *Conner*, the majority of our court, citing divergent authority, reversed the Commission. In my dissenting opinion in *Conner*, I voted to affirm, noting that the Commission had ample choices for authority because our cases and the supreme court's cases on this issue were wide and diverse. Further, under our standard of review, I noted that we had to affirm if the Commission appropriately analyzed the facts and relied on relevant authority. Later, our supreme court properly reversed our court, but on a completely different analysis altogether. *See Texarkana School Dist. v. Conner*, 373 Ark. 372, 284 S.W.3d 57 (2008).

In the instant case, our majority has affirmed the Commission's decision that relied upon inapplicable authority. Ms. Lybarger did not travel as part of her normal duties (she is a teacher's aide); therefore, the traveling-salesman exception to the "going-and-coming rule" as enunciated in *Olsten Kimberly Quality Care v. Pettey*, 328 Ark. 381, 944 S.W.2d 524 (1997), and relied upon by the ALJ

different direction, relying on a new theory and other ... authority—*Jones v. Xtreme Pizza*, 97 Ark.App. 206, 245 S.W.3d 670 (2006)," noting further that we do not, as does the Commission, rely on *Olsten Kimberly Quality Care v. Pettey*, 328 Ark. 381, 944 S.W.2d 524 (1997). We have not relied on a new theory. In reaching its holding, the *Jones* court considered the facts found in *Pettey*. 97 Ark.App. at 211, 245 S.W.3d at 674. We, in turn, applied *Jones* to the case at bar. Thus, this

and Commission, does not apply. Our majority never mentions *Pettey*.

Instead, the majority goes a completely different direction, relying on a new theory and other (equally inapplicable) authority—*Jones v. Xtreme Pizza*, 97 Ark.App. 206, 245 S.W.3d 670 (2006). Unlike the traveling-salesman exception of *Pettey*, the *Jones* case sets out the specific-task exception to the "going-and-coming rule." In *Jones*, the claimant was traveling from one location of his job duties to another location of his job duties and was injured en route. He was not on a break. To the contrary, Ms. Lybarger had completed her duties at the middle school and was on a break, during which she was free to go home, go shopping, go to lunch, or take a nap in her car if she so chose. She was not required to return to work at the elementary school for another one-and-a-half to two hours. She was not following the instructions of her employer at the time of the accident or on a special errand for her employer. She was merely "going and coming" to work.

The case of *CV's Family Foods v. Caverly*, 2009 Ark. App. 114, 304 S.W.3d 671, also fails to justify the majority's decision in this case. There, the claimant, while walking to his car after work, was watching another employee walk to her car when he fell in the parking lot. The majority in *Caverly* affirmed the Commission's finding that the claimant was performing employment services, because

case and *Jones* fall within a line of precedent that includes *Pettey*. Further, the dissent mischaracterizes the facts. This is not a "going and coming" case. Rather, at the direction of her employer, Lybarger was leaving a campus where she was performing employment services to report to her usual job site to perform employment services. Thus, as indicated by *Jones*, her walking through the building was also an employment service.

when he fell he was ensuring the safety of his employee.

In the case at bar, there is simply nothing for the Commission to hang its hat on to get around the fact that Ms. Lybarger was merely walking to her car when she fell. There are absolutely no facts demonstrating that she was performing employment services at the time of her fall. Despite the majority's characterization of the facts, Ms. Lybarger was not "on duty" or "on call" when she fell, and there were no children or parents on the school premises for her to assist. The facts are plain and simple that Ms. Lybarger, when she fell, was on a one-and-a-half to two hour break. These facts are controlled by *Hightower v. Newark Public School System*, 57 Ark. App. 159, 943 S.W.2d 608 (1997). *Hightower* is a classic "going-and-coming" case.

And, unless or until we or our supreme court abolishes this rule, it should apply.

With that in mind, I am ever aware that as I stated in my *Conner* dissent, we or the supreme court on review, have never reversed a Commission opinion granting benefits in an employment-services case. Maybe there is no action an employee can take that does not benefit her employer. If so, we should say as much.

I would reverse. Further, I am authorized to state that Judge Brown joins in this dissent.