WASHINGTON DISTRICT 50 SCHOOLS, Appellant, v. ILLINOIS WORKERS' COMPENSATION COMMISSION *et al.* (Geri McLees, Appellee).

Third District    No. 3—08—0923WC

Opinion filed October 16, 2009.

Stephen J. Klyczek, of Hennessy & Roach, P.C., of Springfield, for appellant.

Ronald L. Hanna, of Hanna & Hanna, P.C., of Peoria, for appellee.

JUSTICE HOLDRIDGE delivered the opinion of the court:

Geri McLees filed an application for adjustment of claim against her employer, Washington District 50 Schools (District), seeking work-

ers' compensation benefits for injuries to her left hand. The matter proceeded to an arbitration hearing where the arbitrator found that McLees suffered a compensable accident and that her average weekly wage was $1,036.32. The arbitrator then awarded permanent partial disability benefits of $591.77 per week for 25.625 weeks, representing 12.5% loss of use of the left hand. The District appealed to the Illinois Workers' Compensation Commission (Commission), which unanimously affirmed and adopted the arbitrator's decision. The District then appealed to the Peoria County circuit court, which confirmed the Commission's decision. In the instant appeal, the District claims that the Commission erred in calculating McLees's average weekly wage.

## BACKGROUND

McLees testified that she had been a first-grade reading teacher at the John L. Hensey School for 13 years. On April 17, 2006, she fractured the fifth metacarpal of her left hand when she tripped and fell while ascending a flight of stairs. During the year preceding her injury, she worked 39 weeks (a regular school year), and the parties stipulated that she was paid a salary of $40,416.48 for this work. She had two options for receiving her salary: payments spread out over the 52-week calendar year, or payments during the 39-week school year only. She chose the first option and received paychecks year round, although she did not perform any work for the District during the summer. She had a separate job during the summer working 30 to 32 hours per week as a pharmacy technician.[1]

In calculating McLees's average weekly wage, the Commission divided her salary ($40,416.48) by the number of weeks she actually worked (39), yielding a figure of $1,036.32. The circuit court confirmed this calculation. The District then filed the instant appeal arguing that the Commission should have divided McLees's salary ($40,416.48) by the number of weeks over which she received payments (52), yielding an average weekly wage of $777.24.

## DISCUSSION

Although reviewing courts in other jurisdictions have addressed similar questions, this issue is one of first impression in Illinois. In our view, the case of *Magnet Cove School District v. Barnett*, 81 Ark. App. 11, 97 S.W.3d 909 (2003), illustrates the proper disposition. The claimant in *Magnet Cove School District* was a school teacher whose contract called for nine months of work at a salary of $26,500 to be paid in 12 monthly installments. Her average weekly wage was

---

[1]She also worked this job during the school year, averaging just six to eight hours per week.

calculated by dividing her salary by the number of weeks she actually worked (39), yielding a figure of $679.49. This calculation was affirmed by the Court of Appeals of Arkansas, which stated: "In sum, appellants seek to require this court to determine that appellee's weekly income is based on the date she received her pay and not the date she earned the pay. We decline to do so." *Magnet Cove School District*, 81 Ark. App. at 15, 97 S.W.3d at 912. As part of its analysis, the court cited the Arkansas statute governing calculation of a claimant's average weekly wage.

In Illinois, calculation of a claimant's average weekly wage is governed by section 10 of the Workers' Compensation Act (Act), which reads:

> "The compensation shall be computed on the basis of the 'Average weekly wage' which shall mean *the actual earnings of the employee in the employment in which he was working at the time of the injury during the period of 52 weeks ending with the last day of the employee's last full pay period immediately preceding the date of injury, illness or disablement excluding overtime, and bonus divided by 52*; but if the injured employee lost 5 or more calendar days during such period, whether or not in the same week, then the earnings for the remainder of such 52 weeks shall be divided by the number of weeks and parts thereof remaining after the time so lost has been deducted. *Where the employment prior to the injury extended over a period of less than 52 weeks, the method of dividing the earnings during that period by the number of weeks and parts thereof during which the employee actually earned wages shall be followed*. Where by reason of the shortness of the time during which the employee has been in the employment of his employer or of the casual nature or terms of the employment, it is impractical to compute the average weekly wages as above defined, regard shall be had to the average weekly amount which during the 52 weeks previous to the injury, illness or disablement was being or would have been earned by a person in the same grade employed at the same work for each of such 52 weeks for the same number of hours per week by the same employer." (Emphasis added.) 820 ILCS 305/10 (West 2006).

This section prescribes four different methods for calculating a claimant's average weekly wage (our emphasis showing the first and third methods). The Commission ostensibly used the third method,[2] whereas the District argues that only the first is applicable.

---

[2]In its written order, the Commission said it was applying "Section 10(3) of the Act." Since section 10 has no subsection (3), we presume the Commission meant to indicate the third method of calculation articulated within the section.

Since our decision turns on statutory construction, we review the Commission's decision *de novo*. *Sylvester v. Industrial Comm'n*, 197 Ill. 2d 225, 232, 756 N.E.2d 822, 827 (2001). The cardinal rule of statutory construction is to ascertain and effectuate the intent of the legislature. *Wade v. City of North Chicago Police Pension Board*, 226 Ill. 2d 485, 510-11, 877 N.E.2d 1101, 1115 (2007). The best indication of the legislature's intent is the language of the statute, which must be given its plain and ordinary meaning. *Cinkus v. Village of Stickney Municipal Officers Electoral Board*, 228 Ill. 2d 200, 216-17, 886 N.E.2d 1011, 1021-22 (2008) (noting that where statutory language is clear, there is no need for other tools of construction).

According to section 10 of the Act, the third method for calculating an average weekly wage applies when "the employment prior to the injury extended over a period of less than 52 weeks." 820 ILCS 305/10 (West 2006). The time for which McLees was retained to work prior to her injury only extended over a period of 39 weeks. Accordingly, we must determine whether the time for which she was retained to work defines her "employment" with the District. We conclude that it does.

The word "employment" means: "**1. a.** The act of employing; a putting to use or work. **b.** The state of being employed. **2.** The work in which one is engaged; business; profession. **3.** An activity to which one devotes time." American Heritage Dictionary of the English Language 428 (1969). Likewise, the word "employ" means: "**1.** To use in some process or effort; put to service. **2.** To devote or apply (one's time or energies, for example) to some activity. **3. a.** To engage the services of; put to work." American Heritage Dictionary of the English Language 428 (1969). McLees was required to devote or apply her time and energy to teaching for 39 weeks, not 52 weeks. The same observation applies when determining the period for which the District put her to use, work, and service.

Accordingly, the plain language of section 10 supports the Commission's method for calculating McLees's average weekly wage. "Where the employment prior to the injury extended over a period of less than 52 weeks, *the method of dividing the earnings during that period by the number of weeks and parts thereof during which the employee actually earned wages shall be followed*." (Emphasis added.) 820 ILCS 305/10 (West 2006). We thus affirm the Commission's decision.

## CONCLUSION

For the foregoing reasons, the judgment of the Peoria County circuit court, which confirmed the Commission's decision, is affirmed.

Affirmed.

McCULLOUGH, P.J., and HOFFMAN, HUDSON, and DONOVAN, JJ., concur.