
# ARKANSAS COURT OF APPEALS

DIVISION II
No. CV-17-176

| | | |
|---|---|---|
| LISA WEBSTER | | **Opinion Delivered:** October 25, 2017 |
| | APPELLANT | APPEAL FROM THE ARKANSAS WORKERS' COMPENSATION COMMISSION [NO. G509057] |
| V. | | |
| ARKANSAS DEPARTMENT OF CORRECTION AND PUBLIC EMPLOYEE CLAIMS DIVISION | | |
| | APPELLEES | AFFIRMED |

## KENNETH S. HIXSON, Judge

Appellant Lisa Webster was denied workers' compensation benefits. Appellant appeals from a November 22, 2016 opinion by the Arkansas Workers' Compensation Commission (Commission) affirming and adopting the findings of fact and conclusions of law made by the administrative law judge (ALJ) in favor of appellees Arkansas Department of Correction (ADC) and Public Employee Claims Division. On appeal, appellant contends that substantial evidence does not support the Commission's decision that she was not performing employment services at the time of her injury. We affirm.

The facts of this case are largely undisputed. Although no one contests that appellant sustained an injury to her left knee when she slipped on ice and fell in the parking lot of her employer, there is a dispute as to whether she was performing employment-related services

at the time of the injury. A hearing was held before the ALJ, and only appellant testified at the hearing.

Appellant was fifty-two years old at the time of the hearing and was a correctional officer at the Varner unit of ADC. On the day of the incident, February 23, 2015, appellant had commuted to work from Mississippi with a coworker. The inclement-weather policy was in effect, which meant that employees would receive their full salary even though they were given extra time to report to work. Appellant arrived late but within the time allotted under the inclement-weather policy; she was wearing her uniform as there were no changing rooms or lockers provided in the prison. Appellant testified that when she stepped out of the car, she slipped on "black ice" and injured her left knee. Afterwards, she proceeded from the parking lot to the checkpoint, walked through the gate, clocked in, and was assigned to her post. Because the prison was short staffed that day due to the weather, there was no one to help her fill out workers'-compensation forms. Appellant worked a full shift that day and continued to work until March 14, 2015. Appellant additionally testified that it was her understanding from her training at the academy that she was held responsible for her actions while wearing her uniform even if she was not working at the time.

After the hearing, the ALJ found that at the time of the injury, appellant was going to work and injured herself in the parking lot. Therefore, the ALJ found that she was not performing any work-related duties at the time of the injury, found that she had failed to prove she was performing employment services at the time of her injury, and denied her claim for benefits.

Appellant appealed the ALJ's decision, and on November 22, 2016, the Commission, in a 2−1 majority opinion, affirmed and adopted the ALJ's opinion as its own. Under Arkansas law, the Commission is permitted to adopt the ALJ's opinion. *SSI, Inc. v. Cates*, 2009 Ark. App. 763, 350 S.W.3d 421. In so doing, the Commission makes the ALJ's findings and conclusions the findings and conclusions of the Commission. *Id*. Therefore, for purposes of our review, we consider both the ALJ's opinion and the Commission's majority opinion. *Id*.

In appeals involving claims for workers' compensation, the appellate court views the evidence in the light most favorable to the Commission's decision and affirms the decision if it is supported by substantial evidence. *Prock v. Bull Shoals Boat Landing*, 2014 Ark. 93, 431 S.W.3d 858. Substantial evidence is evidence that a reasonable mind might accept as adequate to support a conclusion. *Id*. The issue is not whether the appellate court might have reached a different result from the Commission but whether reasonable minds could reach the result found by the Commission. *Id*. Additionally, the credibility of witnesses and the weight to be given to their testimony are within the exclusive province of the Commission. *Id*. Thus, we are foreclosed from determining the credibility and weight to be accorded to each witness's testimony, and we defer to the Commission's authority to disregard the testimony of any witness, even a claimant, as not credible. *Wilson v. Smurfit Stone Container*, 2009 Ark. App. 800, 373 S.W.3d 347. When there are contradictions in the evidence, it is within the Commission's province to reconcile conflicting evidence and determine the facts. *Id*. Finally, this court will reverse the Commission's decision only if it

SLIP OPINION

is convinced that fair-minded persons with the same facts before them could not have reached the conclusions arrived at by the Commission. *Prock*, *supra*.

In order for an accidental injury to be compensable, it must arise out of and in the course of employment. Ark. Code Ann. § 11-9-102(4)(A)(i) (Repl. 2012). A compensable injury does not include an injury incurred at a time when employment services were not being performed. Ark. Code Ann. § 11-9-102(4)(B)(iii). An employee is performing employment services when he or she is doing something that is generally required by his or her employer. *Cont'l Constr. Co. v. Nabors*, 2015 Ark. App. 60, 454 S.W.3d 762. We use the same test to determine whether an employee is performing employment services as we do when determining whether an employee is acting within the course and scope of employment. *Pifer v. Single Source Transp.*, 347 Ark. 851, 69 S.W.3d 1 (2002). The test is whether the injury occurred within the time and space boundaries of the employment when the employee was carrying out the employer's purpose or advancing the employer's interest, either directly or indirectly. *Id.* Moreover, whether an employee was performing employment services within the course of employment depends on the particular facts and circumstances of each case. *Centers for Youth & Families v. Wood*, 2015 Ark. App. 380, 466 S.W.3d 422.

The going-and-coming rule ordinarily precludes compensation to an employee while he or she is traveling between his or her home and his or her job because employees who have fixed hours and places of work are generally not considered to be in the course of their employment while traveling to and from work. *Nabors*, *supra*. In order to determine whether an injured employee was performing employment services, we must analyze

whether the injury occurred within the time and space boundaries of the employment when the employee was carrying out the employer's purpose or advancing the employer's interest, either directly or indirectly. *Id.*

On appeal, appellant contends that substantial evidence does not support the Commission's decision that she was not performing employment services at the time of her injury. She argues that she was, at the very least, indirectly benefiting her employer because she was going to work despite the inclement weather; was wearing her uniform; was paid for her entire shift; and could have been required to assist with prisoners in the parking lot even though she was not clocked in. We disagree.

In support of her argument, appellant cites three cases that merit discussion. In *Caffey v. Sanyo Manufacturing Corp.*, 85 Ark. App. 342, 154 S.W.3d 274 (2004), we held that an employee who had presented a security badge at two guard shacks and had entered the manufacturing plant but who had not yet clocked in when she slipped and fell in the hallway was performing employment services because her employer required her to go through those obstacles before getting to her work station. In *Nabors*, *supra*, we held that an employee who had swiped his access card at a gate and had donned his personal–protective equipment pursuant to regulations, but who had not yet clocked in when he slipped on his way to the employer's work trailer was performing employment services. Nabors had taken affirmative steps to satisfy the general contractor's safety and security requirements to enter the job site; we therefore held that Nabors was clearly advancing his employer's interests when he complied with the general contractor's rules regarding access to the job site. *Id.* Finally, in *North Little Rock School District v. Lybarger*, 2009 Ark. App. 330, 308 S.W.3d 651,

Lybarger was a teacher's aide at Boone Park Elementary School. On the date of her injury, she was at the Lakewood campus for staff-development day. *Id.* After she had been released for lunch and instructed to report to Boone Park Elementary for further meetings afterwards, Lybarger broke her right leg while climbing stairs en route to the parking lot but before she had left the premises. *Id.* We affirmed the Commission's finding that she was performing employment services. *Id.* Although she was released to lunch, she was required during that time to exit the building and travel from one campus where she was performing employment services to another campus where she would perform employment services. *Id.* Moreover, in order to report to Boone Park Elementary, Lybarger first had to walk through and exit the Lakewood buildings. *Id.* Therefore, by walking through the Lakewood campus, we held that she was carrying out the employer's purpose and advancing her employer's interest in that she was leaving Lakewood and preparing to report to Boone Park Elementary. *Id.*

The cases cited by appellant, however, are distinguishable from the facts of this case. In both *Caffey* and *Nabors*, the case went "beyond the situation in which an employee is injured while walking to or from his vehicle in the parking lot before or after work." *Nabors*, 2015 Ark. App. 60, at 5, 454 S.W.3d at 766. In *Caffey*, the claimant had already proceeded through required guard shacks, and in *Nabors*, the claimant had already proceeded through the required gate check, and each were thereby advancing their employer's interests. Here, appellant had not entered through a required guard shack or gate check but merely slipped when she was exiting the car. Furthermore, unlike the claimant in *Lybarger*, appellant was

not traveling between places at the direction of her employer and injured on the employer's premises while en route.

Appellant additionally argues that she was performing employment services because she was wearing her uniform; however, her argument lacks merit as we rejected a similar argument in *Linton v. Arkansas Department of Correction*, 87 Ark. App. 263, 190 S.W.3d 275 (2004). Although appellant further argues that she would have performed a job-related duty in the parking lot if she had been asked, appellant admitted that she was not performing any kind of job duty in the parking lot at the time of her injury nor had she ever been asked to do so. Therefore, appellant's injury occurred in a similar manner as the claimant in *Hightower v. Newark Public School System*, 57 Ark. App. 159, 943 S.W.2d 608 (1997). There, we affirmed the Commission's finding that the claimant, who fell on ice in the parking lot of a day-care center where she worked, was not performing employment services. *Id.* Similarly, appellant was injured in the parking lot of her employer before she had clocked in or had any job-related responsibilities. *See also Parker v. Comcast Cable Corp.*, 100 Ark. App. 400, 269 S.W.3d 391 (2007). Thus, the Commission's decision that appellant was not entitled to compensation for her injury is supported by substantial evidence and is affirmed.

Affirmed.

GRUBER, C.J., and MURPHY, J., agree.

*Goldberg & Dohan*, by: *Andy L. Caldwell*, for appellant.

*Charles H. McLemore Jr.*, for appellee.