WAYMOND M. BROWN, Judge
Absolute Care Management and its insurer, Guarantee Insurance Company, appeal the decision of the Arkansas Workers' Compensation Commission (Commission) finding that appellee Letha Stacy was performing employment services when she was injured in a one-vehicle accident. Appellants argue that the Commission's decision is not based on substantial evidence and should be reversed. We affirm.[1]
Stacy was employed as a home health aide for Absolute Care Management (ACM).[2] As part of her duties, she was required to travel to the home of her clients and aid them. On September 16, 2015, Stacy was scheduled to see two clients for ACM. She went to the grocery store for her first client, Ruth Dickerson, who lived in Tyronza, Arkansas. She delivered the groceries to Ms. Dickerson and paperwork from that day indicated that Stacy was at Ms. Dickerson's home from 8:30 to 10:30 that morning.[3] Stacy spoke with a friend after she finished at Ms. Dickerson's and then proceeded to Marked Tree, Arkansas, where she resided. She *794 headed home because her cell phone's battery was almost dead and she needed a charger. She also wanted to get something to eat because she was hungry. She stopped briefly at her son's house to see whether he had a charger she could use, but he did not. She went home and got her charger, a sandwich, and a soda. She called her next client, Ms. Katherine Joplin, who lived in Lepanto, Arkansas, to let her know that she was on her way. Stacy also called ACM to inform them that she was on her way to Ms. Joplin's home. Stacy subsequently left Marked Tree heading toward Lepanto. She had a one-vehicle accident at 12:56 p.m.[4] and sustained severe injuries, including a brain injury and broken spinal cord.
Stacy sought benefits from ACM in the form of workers' compensation. ACM controverted Stacy's claim and contended that she was not performing employment services at the time of her injury. A hearing took place before the administrative law judge (ALJ) on August 26, 2016. The ALJ filed an opinion on September 29, 2016, finding that Stacy was performing employment services at the time of her injury. It found that ACM was responsible for all outstanding hospital, medical, and related expenses as well as for continued, reasonably necessary medical treatment.[5] Appellants timely appealed the decision to the Commission. The Commission adopted the findings and conclusions of the ALJ. Appellants appeal.
We review the Commission's decision in the light most favorable to its findings and affirm when the decision is supported by substantial evidence.[6] Substantial evidence is that evidence that a reasonable mind might accept as adequate to support a conclusion.[7] The issue is not whether the appellate court might have reached a different result from the Commission; if reasonable minds could reach the result found by the Commission, we must affirm the decision.[8] Additionally, the credibility of witnesses and the weight to be given to their testimony are within the exclusive province of the Commission.[9] Thus, we are foreclosed from determining the credibility and weight to be accorded to each witness's testimony, and we defer to the Commission's authority to disregard the testimony of any witness, even a claimant, as not credible.[10] When there are contradictions in the evidence, it is within the Commission's province to reconcile conflicting evidence and determine the facts.[11]
A compensable injury is an accidental injury causing internal or external harm that arises out of and in the course of employment.[12] An employee is performing employment services when he or she is doing something that is generally required by his or her employer.[13] We use the same test to determine whether an employee is performing employment services as we do *795 when determining whether an employee is acting within the course and scope of employment.[14] The test is whether the injury occurred within the time and space boundaries of the employment when the employee was carrying out the employer's purpose or advancing the employer's interest, either directly or indirectly.[15] Moreover, whether an employee was performing employment services within the course of employment depends on the particular facts and circumstances of each case.[16]
As a general rule, an employee traveling to and from the workplace is not within the course of his or her employment.[17] This "going and coming" rule ordinarily prevents an employee from recovering benefits for an injury sustained while the employee is going to or coming from his place of employment.[18] The rationale for the rule is that an employee is not within the course of employment while traveling to or from his job.[19] There are, however, several exceptions.[20] One such exception is where the employee must travel from jobsite to jobsite, whether or not he or she is paid for travel time.[21]
The facts of this case are similar to Olsten.[22] In Olsten , the appellee was employed as a nursing assistant and was required to travel to the patients' homes to provide nursing services. She was not required to report to appellant's office each day, although she did take reports to and pick up supplies from appellant's office on a regular basis. She was compensated by the actual time spent in each patient's home. She used her own vehicle to travel to the patients' home, but she did not receive compensation for travel expenses. On April 21, 1994, appellee was injured in a one-vehicle accident while she was traveling to the home of the first scheduled patient in Hot Springs Village. Prior to that, appellee had reported to appellant's office, located in the mall in Hot Springs, to drop off some reports and pick up supplies. After she left appellant's office, appellee did some window shopping and talked to a friend at the mall. Appellee then left the mall en route to her first patient's home. Two blocks from the patient's home, appellee lost control of her vehicle and overturned. The Commission found that appellee was performing employment services at the time of her accident and awarded her workers' compensation benefits. On appeal, our supreme court held that injuries sustained by appellee while on her way to the home of a patient were compensable, even though she was not paid for the travel. The court reasoned that travel was clearly for the benefit of the employer, whose business was to provide in-home nursing care and was a necessary part of appellee's employment.
Here, Stacy was required to travel to her clients' homes and provide aid to them. She finished with her first client at 10:30 a.m. and then travelled home before going to see her second client for the day. While at home, she retrieved her phone charger, something to eat, and a soda. She then contacted her client and ACM and *796 informed them that she was on her way to the client's home. As she travelled to the client's home, she had a one-vehicle accident and suffered severe injuries. It is of no consequence that Stacy went home before going to Ms. Joplin's home because at the time of her accident, she was en route to Ms. Joplin's. Since traveling to Ms. Joplin's home was for the benefit of ACM and was a necessary part of Stacy's employment, we hold that the Commission correctly found that Stacy was performing employment services at the time of her injury. Accordingly, we affirm.
Affirmed.
Harrison and Klappenbach, JJ., agree.

This is the second time this case has been before us. We initially ordered rebriefing due to deficiencies in appellants' abstract, brief, and addendum. Absolute Care Management v. Stacy , 2017 Ark. App. 654, 2017 WL 5762365.

Stacy also provided home-health services for Premier, a competitor of ACM.

Stacy saw a client who resided in Marked Tree for Premier at 5:15 the morning of September 16, 2015.

The parties stipulated that the accident occurred at this time.

The exact nature and extent of Stacy's injuries and other issues were specifically reserved.

Parker v. Atl. Research Corp. , 87 Ark. App. 145, 189 S.W.3d 449 (2004).

Id.

Id.

Webster v. Ark. Dep't of Corr. , 2017 Ark. App. 558, 537 S.W.3d 731.

Id.

Id.

Garcia v. Jensen Constr. Co. , 2017 Ark. App. 450, 527 S.W.3d 749.

Webster, supra.

Pifer v. Single Source Transp. , 347 Ark. 851, 69 S.W.3d 1 (2002).

Id.

Id.

Olsten Kimberly Quality Care v. Pettey , 328 Ark. 381, 944 S.W.2d 524 (1997).

Id.

Id.

Id.

Id.

Supra.