Ralph WHITTEN *v.*
EDWARD TRUCKING/CORPORATE SOLUTIONS

CA 03-1238 189 S.W.3d 82

Court of Appeals of Arkansas
Division II
Opinion delivered June 23, 2004

114

*Tolley & Brooks, P.A.,* by: *Jay N. Tolley,* for appellant.

*Huckabay, Munson, Rowlett & Moore, P.A.,* by: *Melissa Ross* and *Carol Lockard Worley,* for appellees.

LARRY D. VAUGHT, Judge. The Workers' Compensation Commission affirmed and adopted a decision from an Administrative Law Judge (ALJ) that denied benefits to the appellant, Ralph Whitten. The Commission found that appellant did not sustain a compensable injury, but rather that he suffered from a non-compensable idiopathic fall. On appeal, appellant claims that the Commission's decision was not supported by substantial evidence. We affirm.

Appellant, age fifty-six, contends that he sustained a compensable injury on February 5, 2002, after he fell at his place of employment, Edward Trucking/Corporate Solutions. The appellee, Edward Trucking/Corporate Solutions, employed appellant as a dump-truck driver. On the day the injury occurred, appellant was on the premises with his truck, delivering fuel tickets to validate his work for the previous week in order to be paid. He was scheduled to leave immediately thereafter to deliver another load of sand to a customer in Muskogee, Oklahoma. As appellant was walking up the stairs to enter appellee's office, he reached for the door of the office, felt pain in his back, and fell to the ground. He neither tripped or stumbled, nor was he carrying anything heavy at the time of the fall.

Appellant filed his claim, which was denied as a non-compensable injury by the ALJ on October 4, 2002. The ALJ found that appellant was not engaged in a work-related activity at the time he fell, that there was insufficient evidence of an employment risk as the cause of the injury, and that fall the was idiopathic, stemming from one or more of the following: (1) a stroke or cerebral vascular accident; (2) a herniated disc at the L3-4 level; (3) a compressive lesion on his thoracic cord. The full Commission affirmed and adopted the ALJ's decision without further explanation, finding that the decision was supported by a preponderance of the credible evidence and correctly applied the law.

When a workers' compensation claim is denied, the substantial evidence standard of review requires us to affirm the

Commission if its opinion displays a substantial basis for denial of the relief sought by the worker. *Williams v. L & W Janitorial, Inc.*, 85 Ark. App. 1, 145 S.W.3d 383 (2004). In determining the sufficiency of the evidence to sustain the findings of the Commission, we review the evidence in the light most favorable to the Commission's findings and affirm if they are supported by substantial evidence. *Id.* Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Caffey v. Sanyo Mf'g. Corp.*, 85 Ark. App. 342, 154 S.W.3d 274 (2004). We will not reverse the Commission's decision unless we are convinced that fair-minded persons with the same facts before them could not have reached the conclusions arrived at by the Commission. *Williams, supra.* The question is not whether the evidence would have supported findings contrary to the ones made by the Commission; there may be substantial evidence to support the Commission's decision even though we might have reached a different conclusion if we sat as the trier of fact or heard the case *de novo. Id.* In making our review, we recognize that it is the Commission's function to determine the credibility of witnesses and the weight to be given their testimony. *Id.* Moreover, the Commission has the duty of weighing medical evidence and, if the evidence is conflicting, its resolution is a question of fact for the Commission. *Id.*

 Appellant testified at the hearing. He offered no explanation or evidence as to the cause of the fall, except that it occurred after he reached for the office doorknob while climbing the stairs. The ALJ, whose opinion was subsequently affirmed and adopted by the Commission, concluded that appellant's incident was idiopathic. The Arkansas Supreme Court has distinguished injuries suffered from unexplained causes and injuries sustained from idiopathic causes:

> We first note that injuries sustained due to an unexplained cause are different from injuries where the cause is idiopathic. An idiopathic fall is one whose cause is personal in nature, or peculiar to the individual. 1 LARSON, WORKERS' COMPENSATION LAW, §§ 12.11 (1998); *see also Kuhn v. Majestic Hotel,* 324 Ark. 21, 918 S.W.2d 158 (1996); *Little Rock Convention & Visitors Bur. v. Pack,* 60 Ark. App. 82, 959 S.W.2d 415 (1997); *Moore v. Darling Store Fixtures,* 22 Ark. App. 21, 732 S.W.2d 496 (1987). Because an idiopathic fall is not related to employment, it is generally not compensable unless conditions related to employment contribute to

the risk by placing the employee in a position, which increases the dangerous effect of the fall. LARSON, *supra*.

*ERC Contractor Yard & Sales v. Robertson*, 335 Ark. 63, 71, 977 S.W.2d 212, 216 (1998). A workers' compensation claimant bears the burden of proving that his injury was the result of an accident that arose in the course of his employment, and that it grew out of, or resulted from the employment. *Moore v. Darling Store Fixtures, supra.* "Arising out of the employment" refers to the origin or cause of the accident, while "in the course of the employment" refers to the time, place and circumstances under which the injury occurred. *See Little Rock Convention & Visitors Bureau, supra.* When a truly unexplained fall occurs while the employee is on the job and performing the duties of her employment, the injury resulting therefrom is compensable. *Id.* In *ERC Contractor Yard & Sales, supra,* the supreme court found that although the claimant's fall was caused by his alcohol withdrawal, which was a condition personal to him, his job requirement of working on scaffolding twelve to fifteen feet above the ground increased the dangerous effect of the fall. *Id.* Therefore, the court concluded that substantial evidence supported the Commission's finding that the workman suffered a compensable idiopathic fall. *Id.*

In the case at bar, the Commission found that appellant's fall was idiopathic and affirmed the ALJ's opinion, which stated that appellant had been diagnosed as suffering from three separate conditions, none of which were caused or aggravated by appellant's employment. The first was a stroke or cerebrovascular accident, the second was a herniated disc at the L3-4 level that was revealed on an MRI more than a year prior to this incident, and the third was a compressive lesion on his thoracic spinal chord. There was insufficient evidence that the February 5, 2002 fall caused either internal or external physical harm to appellant's body, which required medical services or resulted in disability, and no objective findings that established a new injury resulting from the fall. To the contrary, Dr. Rogers indicated that the fall may have been caused by the lesion on the thoracic chord. This evidence presented at the hearing provided the basis for the Commission's conclusion that appellant's injury was idiopathic rather than unexplained.

Furthermore, we are not persuaded that appellant's employment contributed to his accident. By appellant's own testimony, he established that he was simply ascending stairs to the

appellee's business office holding nothing heavier than his fuel tickets when the incident occurred. By contrast, in *ERC Contractor Yard & Sales, supra,* the claimant's job duties required him to be on scaffolding twelve to fifteen feet above the ground when his accident occurred. There, the Commission found that his injury was compensable, although it was also idiopathic, because of the increased risk associated with claimant's employment duties. In this instance, the evidence supports that appellant's fall was idiopathic, but it was not compensable as no evidence suggested that his employment contributed to his fall. Accordingly, this case is distinguishable from *ERC Contractor Yard & Sales, supra.*

 Appellant has failed to establish by a preponderance of the credible evidence of record that his injury arose out of his employment. Additionally, he has not shown that his employment significantly increased his risk of injury. *See Moore v. Darling Store Fixtures, supra.* Therefore, we hold that substantial evidence supported the Commission's decision to deny him benefits.

Affirmed.

BAKER and ROAF, JJ., agree.