BILL H. WALMSLEY, Judge, dissenting. I agree with Judge Hixson that there is no substantial evidence to support the Commission’s findings when considering the inconsistencies in the evidence. I write separately to specifically note the lack of substantial evidence proving the compensability of Hopson’s left knee injury. To prove the occurrence of a specific-incident compensable injury, the claimant must establish by a preponderance of the evidence (1) that an injury occurred arising out of and in the scope of employment; (2) that the injury caused internal or external harm to the body which required medical services or resulted in disability or death; (3) that the injury is established by medical evidence supported by objective findings; and (4) that the injury was caused by a specific incident and is identifiable by time and place of occurrence. Pafford Med. Billing Servs., Inc. v. Smith, 2011 Ark. App. 180, at 6, 381 S.W.3d 921, 925-26 (citing Ark.Code Ann. § 11 — 9— 102(4)(A)(i) (Supp.2009)). At the hearing, Hopson testified that her left knee was not injured until the third fall, which occurred outside the first-aid room as Bruce Yelverton was helping her to the parking lot. She said that her legs gave out and she fell on her left leg. In her interview with the | ^workers’ compensation carrier, Hopson stated that she fell down on both knees during the third fall. Dwight Dixon, a manager at Firestone, testified that Hopson’s third fall was a slow-motion slide down the wall, that she did not hit her knees, and that she landed on her buttocks. He said that her fall did not look real. Dixon’s testimony was not mentioned by the administrative law judge. The ALJ also discounted Yelver-ton’s testimony as vague and akin to a medical opinion, which he was not allowed to give. Yelverton testified that, as he was on her right side supporting her, Hopson collapsed to the left side and ended up on her buttocks. He said that while her knee may have touched the wall, her knee did not strike the wall or the floor. Yelverton said that Hopson’s fall was a slow-motion collapse as if she was trying to sit on the floor. He said that her entire body went limp and that she did not help get herself back into the wheelchair. The alleged accidental fall that supposedly caused Hopson’s left knee injury was witnessed by two others who contradicted her claims. Hopson’s own description of the third fall changed. A workers’ compensation claimant bears the burden of proving that his injury was the result of an accident that arose in the course of his employment, and that it grew out of, or resulted from the employment. Whitten v. Edward Trucking/Corp. Solutions, 87 Ark. App. 112, 117, 189 S.W.3d 82, 85 (2004). “Arising out of the employment” refers to the origin or cause of the accident, while “in the course of the employment” refers to the time, place, and circumstances under which the injury occurred. Id. When considering these facts and the medical evidence, I do not think that there is substantial evidence that Hopson met her burden of proving that her left knee injury arose out of her employment.