SLIP OPINION

Cite as 2015 Ark. App. 273

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV-14-1068

| | |
|---|---|
| UNION DRILLING, INC. AND CHARTIS<br><br>APPELLANTS<br><br>V.<br><br>JUSTIN GRIFFITH, SECOND INJURY FUND, AND DEATH & PERMANENT TOTAL DISABILITY TRUST FUND<br>APPELLEES | **Opinion Delivered** April 29, 2015<br><br>APPEAL FROM THE ARKANSAS WORKERS' COMPENSATION COMMISSION<br>[NO. F612080]<br><br>AFFIRMED |

## RAYMOND R. ABRAMSON, Judge

Union Drilling, Inc. and Chartis appeal an October 15, 2014 opinion by the Arkansas Workers' Compensation Commission ("the Commission") affirming and adopting the findings of fact and conclusions of law made by the Administrative Law Judge ("ALJ") in favor of Justin Griffith. On appeal, Union Drilling contends that substantial evidence does not exist to support the Commission's decision that Griffith proved (1) that he is entitled to additional medical treatment and (2) that he is entitled to additional temporary-total-disability benefits. Because the Commission's decision was supported by substantial evidence, we affirm.

On October 9, 2006, while he was performing a task known as "tripping pipe" at work at Union Drilling, Griffith sustained a compensable back injury that was accepted by the

appellants. On October 20, 2011, the ALJ issued an opinion that ordered Union Drilling and Chartis to bear the burden of the reasonable and necessary medical treatment recommended by Dr. James B. Blankenship. At that time, part of the recommended treatment by Dr. Blankenship was epidural injections to be administered by Dr. David Cannon. That opinion was affirmed and adopted by the Full Commission on February 2, 2012.

In May 2012, Dr. Blankenship again recommended injections by Dr. Cannon. On September 6, 2012, Griffith had an office visit with Dr. Blankenship, and the doctor issued an excuse slip, which indicated that Griffith was to remain off work. On November 1, 2012, Griffith received a lumbar epidural injection under fluoroscopy at L5–S1 from Dr. Cannon.

On January 17, 2013, Griffith was seen at the Neurosurgery Spine Center by Dr. Blankenship's Advanced Practice Nurse (APN), Rhonda Findley, who noted "the injection actually gave him about 80% relief but the last couple of weeks he has noticed that his pain is returning and now only has about 30% relief." Findley recommended, consistent with Dr. Blakenship's opinion, that Griffith should again be referred to Dr. Cannon for additional treatments.

Although the injections had already been found to be reasonable and necessary by the ALJ, and by the Commission in 2012, Union Drilling refused to authorize additional treatment. The hearing before the ALJ was set for March 2014 to determine whether Griffith was entitled to medical treatment in the form of injections by Dr. Cannon, and medical treatment recommendations made by Dr. Blankenship, and whether Griffith was entitled to temporary-total disability from September 6, 2012, when Dr. Blankenship restricted him from

SLIP OPINION

work, to a date yet to be determined.

A hearing was held on March 11, 2014, and in the resulting opinion the ALJ found that (1) Griffith was entitled to additional medical treatment as recommended by Dr. Blankenship, which included physical therapy, a referral to pain management with Dr. Regina Thurman, a new MRI, and additional injections by Dr. Cannon; (2) Union Drilling was responsible for reimbursing Griffith his out-of-pocket prescription expenses; (3) Griffith was entitled to temporary-total-disability (TTD) benefits from September 6, 2012, to a date yet to be determined; and (4) Griffith's attorney was entitled to attorney's fees. An appeal was taken to the Commission.

On October 15, 2014, the Commission, after conducting a de novo review of the entire record, found that the ALJ's decision was supported by a preponderance of credible evidence, correctly applied the law, and should be affirmed. The Commission adopted the ALJ's findings and conclusions as its own. Union Drilling now appeals from the Commission's decision.

The Commission's decision is to be affirmed only when there is substantial evidence in the record to support the Commission's finding. *Express Human Res. III v. Terry*, 61 Ark. App. 258, 968 S.W.2d 630 (1998). In appeals involving claims for workers' compensation, this court views the evidence in the light most favorable to the Commission's decision and affirms the decision if it is supported by substantial evidence. *Leach v. Cooper Tire & Rubber Co.*, 2011 Ark. App. 571. Substantial evidence exists if reasonable minds could reach the Commission's conclusion. *Id.* The issue is not whether the appellate court might have reached

a different result from the Commission; if reasonable minds could reach the result found by the Commission, the appellate court must affirm. *Id*.

Credibility questions and the weight to be given to witness testimony are within the Commission's exclusive province. *Pack v. Little Rock Convention Ctr.*, 2013 Ark. 186, 427 S.W.3d 586. The Commission's decision to accept or reject medical opinions, and how it resolves conflicting medical evidence, has the force and effect of a jury verdict. *St. Edward Mercy Med. Ctr. v. Chrisman*, 2012 Ark. App. 475, 422 S.W.3d 171. When the Commission affirms and adopts the ALJ's findings, as it did here, then we consider the ALJ's opinion and the Commission's decision in tandem. *Hawley v. First Sec. Bancorp*, 2011 Ark. App. 538, 385 S.W.3d 388.

Union Drilling argues that Griffith has failed to sustain his burden of proof that additional medical treatment was reasonably necessary to treat his injury from 2006. Griffith responds that Union Drilling has delayed his treatment by its redundant litigation. There have been three hearings in this case: 2007, 2011, and 2014. Griffith was allowed only three visits in 2006, and then the next treatment was not until 2009.[1] After the Full Commission decision in February 2012, Union Drilling allowed him to begin following the treatment plan that had been laid out by Dr. Blankenship. However, after the epidural injection in November 2012, treatment was again denied.

Griffith argues that the Commission properly gave appropriate weight to the treating physician's opinion that the treatment requested was reasonable and necessary. Union Drilling

---

[1] Griffith acknowledges that he was incarcerated for some of that time, but no delay in treatment was caused by that factor.

relies heavily on the opinion of Dr. Earl Peeples. The ALJ and the Full Commission gave less weight to the opinion of Dr. Peeples because he never physically examined or treated Griffith. Dr. Peeples relied only on medical records provided to him by Union Drilling.

It is well settled that the Commission has the authority to accept or reject medical opinions, and its resolution of the medical evidence has the force and effect of a jury trial. *See Cossey v. Gary A. Thomas Racing Stable*, 2009 Ark. App. 666, 344 S.W.3d 684; *Poulan Weed Eater v. Marshall*, 79 Ark. App. 129, 84 S.W.3d 878 (2002). The Commission is to determine the credibility and weight to be accorded to each witness's testimony. *Arbaugh v. AG Processing, Inc.*, 360 Ark. 491, 202 S.W.3d 519 (2005). Here, the Commission did just that. It gave great weight to the opinion of the treating physician, Dr. Blankenship, and it discounted the opinion of Dr. Peeples, a doctor who had never examined Griffith. A claimant has the burden of proving by a preponderance of the evidence that he or she is entitled to additional medical treatment for his or her compensable injury. *Dalton v. Allen Eng'g Co.*, 66 Ark. App. 201, 989 S.W.2d 543 (1999). In this case, the Commission found that Griffith had met that burden, and its decision is supported by substantial evidence.

Union Drilling's second point on appeal is that substantial evidence does not exist to support the Commission's decision that Griffith proved that he is entitled to additional temporary-total-disability benefits. Temporary total disability is appropriate during the healing period in which an employee suffers a total incapacity to earn wages. *Crawford v. Superior Indus.*, 2009 Ark. App. 738, 361 S.W.3d 290. The healing period is that period for healing of an accidental injury and will continue until the employee is as far restored as the permanent

character of his injury will permit, and ends when the underlying condition causing the disability has become stable and no treatment will improve that condition. *Mad Butcher, Inc. v. Parker*, 4 Ark. App. 124, 628 S.W.2d 582 (1982). The claimant has the burden to show that he remains in the healing period by a preponderance of the evidence. *Hickman v. Kellogg, Brown & Root*, 372 Ark. 501, 277 S.W.3d 591 (2008).

Griffith argues that he is still in his healing period and that the healing period has been prolonged not by him, but by Union Drilling. Dr. Blankenship agrees that Griffith is in his healing period. He believes that the treatment will improve Griffith's condition, but because Union Drilling has failed to authorize the treatment, Griffith remains in the healing period.

Again, the Commission's decision is supported by substantial evidence. The Commission found that Griffith is entitled to TTD from the time he was kept off work, by his physician, in September 2012, to a date yet to be determined. He is still in his healing period, and that period has been unnecessarily extended because of Union Drilling's refusal to authorize treatment for Griffith. We note that Union Drilling partially caused the delay in this case because it did not reasonably follow the previous order of the Commission in February 2012. The Commission's decision that is now before us is supported by substantial evidence of record, and as such, we affirm.

Affirmed.

GLADWIN, C.J., and HARRISON, J., agree.

*Worley, Wood & Parrish, P.A.*, by: *Melissa Wood*, for appellants.

*Tolley & Brooks, P.A.*, by: *Evelyn E. Brooks*, for appellee.