BART F. VIRDEN, Judge
Fabiola Falcon appeals from the decision of the Arkansas Workers' Compensation Commission ("Commission") denying her claim for temporary total-disability (TTD) benefits following treatment for a neck, shoulder, and arm injury while working for Northwest Medical Center ("Northwest"). We affirm.
On August 22, 2014, Falcon suffered a compensable injury to her neck, shoulder, and left arm while assisting a patient. Falcon reported the injury immediately. On the day of the accident, Falcon went to the emergency room, and attending physician Dr. Diedre Bass prescribed medication for pain and muscle spasms. On August 29, Falcon was seen by Dr. Shawn Holcomb who placed her on light duty with a ten-pound lifting restriction. Falcon was also given conservative treatment, including a course of steroids, pain medication, and physical therapy. Falcon continued to have pain in the affected areas, and Dr. Holcomb ordered an MRI scan of her cervical spine area and referred her to orthopedic surgeon Dr. John Marcus Heim. Dr. Heim concluded that Falcon had a small disc herniation at the C4-5 level and that surgery was not recommended. Falcon next saw Dr. George Deimel who, over the course of several appointments, treated her with medication, physical-activity modification, modified physical therapy, and steroid injections, none of which alleviated her pain. Dr. Deimel stated in his report that he was managing Falcon's symptoms but could not offer her any further treatment options. He referred her to a neurosurgeon, Dr. Barry Katz, and while Dr. Katz's patient, she became pregnant. During her October 19, 2015 appointment Dr. Katz concluded that Falcon should follow up with him after she had given birth. Dr. Katz opined that Falcon was "a good candidate for ACDF" (discectomy and fusion surgery), and he would reevaluate her after the birth of her child. Dr. Katz also recommended that Falcon perform only light duty and that she lift no more than ten pounds. In 2016, Dr. Katz moved his practice to Joplin, Missouri.
While Falcon was still Dr. Katz's patient, Northwest referred Falcon to its physician, Dr. Chuck Nalley, who ordered an MRI on Falcon's neck and shoulder. On November 22, 2015, after he had reviewed Falcon's MRI results, Dr. Nalley ordered a steroid injection. Dr. Nalley opined that if the steroid injection did not relieve Falcon's symptoms, then surgery would also be ineffective, and he would have no further treatment to offer her. Falcon gave birth to her child in February 2016. On March 17, she saw Dr. Nalley again, and he noted that Falcon's symptoms were basically unchanged except that her pain was possibly worse due to having to lift her newborn. Dr. Nalley ordered that the steroid injection take place now that she was *895 not pregnant, and he noted that he would not recommend surgery if the injection did not alleviate her symptoms. He further opined that if there was no relief from the injection, she should be determined to have reached maximum medical improvement and given a disability rating. On April 13, 2016, she received the injection. On May 5, 2016, Falcon returned to Dr. Nalley and reported that the injection had made her symptoms worse. He concluded that if the injection made her feel worse, then surgery would do the same.
On June 3, 2016, after a functional-capacity evaluation, Falcon was found to be at maximum medical improvement with work status consistent with sedentary work with occasional lifting of up to fifteen pounds. Falcon was assigned a 4 percent impairment rating, and Northwest accepted the rating. Northwest paid Falcon TTD benefits up to the date Dr. Nalley declared her at maximum medical improvement.
On October 19, 2016, Falcon requested a change in physician from Dr. Nalley to Dr. Luke Knox, which was approved. On November 22, 2016, Dr. Knox recommended another steroid injection, but he noted that the injection might provide relief for only five to six hours. Dr. Knox issued the same caveat that if the injection did not afford her some pain relief, surgery would not be in her best interest. From November 2016 to April 2017, Dr. Knox recommended a ten-pound weight-lifting restriction for work.
Falcon requested a hearing on the issue of whether she was entitled to TTD benefits from October 15, 2016, to a date to be determined. At the hearing, Falcon argued that she had reentered the healing period when she began seeing Dr. Knox, who recommended surgery. Falcon testified that Dr. Knox performed a steroid injection as a diagnostic tool to ascertain whether surgery would be successful and that the injection made her pain worse. Falcon also contended that Dr. Knox had scheduled her surgery for July 20, 2017.
The administrative law judge ("ALJ") found that Falcon had failed to prove by a preponderance of the evidence that she was entitled to additional TTD benefits or attorney's fees. Specifically, the ALJ found that each doctor reported that conservative treatment had not alleviated her symptoms. The ALJ agreed with Dr. Nalley's assessment that Falcon had reached maximum medical improvement on June 3, 2016. The ALJ found that there was no evidence that Falcon reentered a healing period after June 3 and noted that Falcon's assertion that Dr. Knox planned to perform surgery for her symptoms was unfounded and not supported by the record. Falcon appealed to the Commission, which affirmed and adopted the ALJ's opinion. Falcon filed a timely notice of appeal.
On appeal, Falcon argues that sufficient evidence does not support the Commission's finding that she did not prove that she reentered a healing period and that she was entitled to TTD benefits from October 15, 2016, when Dr. Knox "clearly had more testing and treatment for her." Falcon's argument is without merit, and we affirm.
When reviewing a decision of the Commission, we view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the findings of the Commission. Evans v. Bemis Co., Inc. , 2010 Ark. App. 65, 374 S.W.3d 51. This court must affirm the decision of the Commission if it is supported by substantial evidence. Id. Substantial evidence is that evidence which a reasonable mind might accept as adequate to support a conclusion of the Commission. Id. We reverse the Commission's decision only if we *896 are convinced that fair-minded persons could not have reached the same conclusion with the same facts before them. Id. Questions regarding the credibility of witnesses and the weight to be given to their testimony are within the exclusive province of the Commission. Id.
To receive TTD benefits, the claimant must prove by a preponderance of the evidence that he or she is within the healing period and is totally incapacitated from earning wages. Union Drilling, Inc. v. Griffith , 2015 Ark. App. 273, 2015 WL 1952691. The healing period ends when the employee is as far restored as the permanent nature of the injury permits; thus, if the underlying condition causing the disability has become stable and nothing in the way of treatment will improve that condition, the healing period has ended. Id. The determination of when the healing period has ended is a factual determination for the Commission. Smallwood v. Ark. Dep't of Human Servs. , 2010 Ark. App. 466, 375 S.W.3d 747.
Falcon contends that she testified at the hearing that Dr. Knox planned to perform surgery to treat her symptoms, and her testimony supports her argument that more treatment options were available according to her physician. First, she does not cite the record to support her statement that surgery had been scheduled. What the record does show is almost perfect consistency from her treating physicians: medication, steroid injections, and physical therapy had not lessened her symptoms, and each doctor agreed that if the steroid injection did not abate her symptoms, surgery would not provide relief either. Falcon's symptoms persisted for almost two years before she was declared to have reached maximum medical improvement. Furthermore, although each doctor recommended a lifting restriction of between ten and fifteen pounds, Falcon was never removed from work. Falcon's physicians deemed her able to perform "light duty" work; thus, she was never "totally incapacitated from earning wages." See Union Drilling, Inc., supra. Moreover, Falcon admitted that Dr. Knox performed the steroid injection as a diagnostic tool for the purpose of determining whether surgery might be successful. There was no evidence that Dr. Knox had treated her with the steroid shot to improve her condition, and the record shows that the treatment might provide relief for five to six hours at most. In contrast, as we stated above, there was evidence that he treated her with the shot to rule out the possibility of surgery.
Falcon failed to show that the Commission's decision was based on insufficient evidence that she had reached maximum medical improvement on June 3, 2016. Because this court need only find that fair-minded persons with the same facts before them could have reached the same conclusion as the Commission, we affirm. See Evans, supra.
Affirmed.
Gladwin and Whiteaker, JJ., agree.